UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHELLI L. BRAUD, ET AL.                CIVIL ACTION

VERSUS                                 NUMBER 08-548-JJB-SCR

CNA INSURANCE COMPANY,
ET AL.

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. §636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, October 27, 2008.

*[signature: Stephen C. Riedlinger]*

    STEPHEN C. RIEDLINGER
    UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHELLI L. BRAUD, ET AL.

VERSUS

CNA INSURANCE COMPANY, ET AL.

CIVIL ACTION

NUMBER 08-548-JJB-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is a Motion to Remand filed by plaintiffs Shelli L. Braud and Ralph G. Fagan.  Record document number 5.  The motion is unopposed.

Plaintiffs filed suit in state court against defendants CNA Insurance Company, Greenline Foods, Inc., and Bennie Hannah seeking damages for injuries incurred in an automobile accident. Plaintiffs alleged that they were traveling eastbound in the left lane on La. Highway 70, while defendant Bennie Hannah was operating a tractor trailer owned by defendant Greenline Foods, Inc. on the same road in the same direction in the right lane.  Plaintiff Braud was driving; plaintiff Fagan was a passenger and owner of the vehicle.  Plaintiffs alleged that defendant Hannah swerved into the left-hand land to avoid a stopped school bus, which forced them off the road.  Plaintiffs alleged that they collided into a crossing guard rail, struck a pole at the crossing, and finally came to a rest in the median.

Plaintiffs claimed that as a result of this accident they sustained injuries and damages.  Plaintiffs sought damages in the form of past, present and future medical expenses; past, present

and future physical and mental pain and suffering; disability; property damage; loss of life's pleasures; loss of earnings and earning capacity; and other such damages allowed by law.

Defendants removed the action based on diversity jurisdiction under 28 U.S.C. § 1332(a).[1]  Defendants alleged the complete diversity of the parties.[2]  Defendants also asserted that the plaintiffs' petition alleged damages in excess of the required jurisdictional amount of $75,000.[3]

Plaintiffs moved to remand on the ground that the defendants failed to meet their burden of showing that the amount in

---

[1] While the notice of removal does not cite the applicable statute, it is apparent from the facts alleged in the notice that the removal is based on diversity jurisdiction.

[2] Notice of Removal, ¶¶ 3, 4, and 5.  In the notice of removal, defendants alleged that defendant Greenline Foods, Inc. is a foreign corporation domiciled in Ohio, defendant Bennie Hannah is a resident of and domiciled in Ohio, defendant Continental Casualty Company (the correct insurer defendant) is domiciled and has its principal place of business in Illinois, and the plaintiffs are citizens of Louisiana.
"When jurisdiction depends on citizenship, citizenship should be 'distinctly and affirmatively alleged.'". *Stafford v. Mobil Oil Corp.*, 945 F.2d 803 (5th Cir. 1991), *citing*, *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)(quoting 2A Moore's Federal Practice ¶ 8.10 at 1662.  Under § 1332(c)(1) a corporation is deemed to be a citizen of any state in which it is incorporated, and of the state in which it has its principal place of business.
Defendants failed to sufficiently allege the citizenship of defendant Greenline Foods and Continental Casualty Company.  For purposes of the plaintiffs' motion to remand, the defendants' failure to establish complete diversity of citizenship is not material because the notice of removal does not establish the amount in controversy required by § 1332.

[3] Notice of Removal, ¶ 10.

controversy exceeded $75,000 as required under § 1332(a). Plaintiffs argued that it is not apparent from the face of the petition that their injuries will satisfy the jurisdictional amount. Plaintiffs also sought an award of attorney's fees and costs.

## Applicable Law

It is well settled that when faced with a motion to remand, the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335, *rhrg. denied*, 70 F.3d 26 (5th Cir. 1995). Because plaintiffs in Louisiana state courts may not plead a numerical value of claimed damages,[4] the Fifth Circuit has established a framework for resolving disputes over the amount in controversy, for actions removed based on diversity jurisdiction from Louisiana state courts. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-83 (5th Cir. 2000). In such cases the removing defendant must prove by a preponderance of the evidence that the jurisdictional amount is satisfied in one of two ways: (1) by demonstrating that it is facially apparent from the petition that

---

[4] At the time the plaintiffs filed their state court petition, LSA-C.C.P. art. 893(A)(1) stated, in relevant part, "that if a specific amount of damages is necessary to establish....the lack of jurisdiction of federal courts due to insufficiency of damages,...a general allegation that the claim exceeds or is less than the requisite amount is required." Plaintiffs' state court petition did not allege that the amount of damages she sought was less than that needed to support jurisdiction under § 1332. This deficiency is a factor the court must consider, but alone it is not enough to establish that the jurisdictional amount is satisfied. *See*, Weber *v. Stevenson*, 2007 WL 4441261 (M.D. La. Dec. 14, 2007).

3

the claim likely exceeds $75,000.00, or (2) by setting forth facts--preferably in the removal petition, but sometimes by affidavit--that support a finding of the requisite amount. *Id.; Grant v. Chevron Phillips Chemical Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002).

Whatever the manner of proof, the jurisdictional facts that support removal must be judged at the time of removal. *Gebbia*, 233 F.3d at 883. If at the time of removal it is facially apparent from the petition that the amount in controversy exceeds $75,000.00, post-removal affidavits, stipulations and amendments reducing the amount do not deprive the court of jurisdiction. *Id.; Asociacion Nacional de Pescadores a Pequena Escalal O Artesanales de Colombia(ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), *cert. denied*, 510 U.S. 1041, 114 S.Ct. 685 (1994). However, post-removal affidavits may be considered in determining the amount in controversy, if the basis for jurisdiction is ambiguous at the time of removal. *Id*. If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000.00. *Grant*, 309 F.3d at 869; *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995); *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586 (1938).

There is no automatic entitlement to an award of attorney fees under 28 U.S. C. § 1447(c).  The clear language of the statute, which provides that the "order remanding the case may require payment of just costs and any actual expenses including attorney fees, incurred as a result of the removal," makes such an award discretionary.  The Supreme Court set forth the standard for awarding fees under § 1447(c) in *Martin v. Franklin Capital Corporation*, 546 U.S. 132, 126 S.Ct. 704 (2005):

> [T]he standard for awarding fees should turn on the reasonableness of the removal.  Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.  *See*, *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000).  In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case.  For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees.  When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be "faithful to the purposes" of awarding fees under § 1447(c).

*Id.*, at 711.

The court must consider the propriety of the removing party's actions at the time of removal, based on an objective view of the legal and factual elements in each particular case, irrespective of the fact that it was ultimately determined that removal was improper.  *Id.*; *Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993);

5

*Avitts v. Amoco Production Co.*, 111 F.3d 30, 32 (5th Cir.), *cert. denied*, 522 U.S. 977, 118 S.Ct. 435 (1997).

## **Analysis**

It is not facially apparent from the allegations in the plaintiffs' petition that the value of either plaintiff's claims exceeds $75,000 exclusive of interest and costs.  Plaintiffs' allegations do not describe their injuries in any detail.  Plaintiffs sought various damages of the sort commonly arising from an automobile accident.  Without any facts or information about the nature and extent of the injuries suffered and losses sustained by the plaintiffs, it would be pure speculation to conclude that the jurisdictional amount is satisfied by the allegations in this petition.  Defendants' reliance on the description of the accident to establish the extent of the damages is not sufficient.[5]

Because the defendants have failed to show by a preponderance of evidence that the amount in controversy exceeds $75,000, this court lacks subject matter jurisdiction under § 1332(a).

Plaintiffs also moved for imposition of attorney's fees under 28 U.S.C. § 1447(c).  Plaintiffs contended that the defendants had no reasonable basis to remove the case, because it is well-established that conclusory allegations in the petition and notice of removal are insufficient to support the jurisdictional amount needed to establish diversity jurisdiction.

---

[5] Notice of Removal, ¶ 10.

The analysis of the remand motion itself demonstrates that the plaintiff's motion for fees and costs is well-founded. Plaintiffs' state court petition contained no facts at all regarding the plaintiffs' injuries and alleged only generic categories of damages. Yet, the defendants removed the case based on conclusory allegations and a general description of the accident. The only reasonable conclusion is that at the time of removal, the defendants did not have an objectively reasonable basis to remove the case.

Plaintiffs did not request or submit anything to support the award of a specific amount. However, in this case a review of the plaintiffs' motion is sufficient to make a reasonable award. The motion and memorandum were very brief and the motion was unopposed. In these circumstances the amount of $250.00 is adequate compensation under § 1447(c).

### Recommendation

It is the recommendation of the magistrate judge that the Motion to Remand filed by plaintiffs Shelli L. Braud and Ralph G. Fagan be granted. It is further recommended that the plaintiffs be awarded reasonable attorney's fees and costs in the amount of $250.00.

Baton Rouge, Louisiana, October 27, 2008.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE